## COMMISSIONER OF INTERNAL REVENUE
### v. McCORMICK et al.
### No. 5073.

Circuit Court of Appeals, Seventh Circuit.

Jan. 24, 1934.

Sewall Key and Carlton Fox, Sp. Assts. to Atty. Gen., for petitioner.

Edward Clifford, of Washington, D. C. (Albert E. James, of Washington, D. C., of counsel), for respondents.

Before EVANS, SPARKS, and FITZ HENRY, Circuit Judges.

EVANS, Circuit Judge.

The question involved in this appeal is whether the trust which covered the Chicago Stock Exchange Building should be taxable as an association. The taxable years in question are 1924, 1925, and 1926, and the total deficiency tax which is contested amounts to $48,619.37. The Board reversed the finding of the Commissioner and held that the entity was a trust and taxable as such. The Commissioner appealed.

The facts are as follows: Three brothers, Cyrus, Stanley, and Harold McCormick owned a large office building in Chicago. In 1900, they were called upon to lend a million dollars to the McCormick Harvester Company, and, being unwilling to place a mortgage on this building, known as the Chicago Stock Exchange Building, they adopted an alternative method of raising the money by conveying the property in trust and by issuing certificates representing beneficial interests therein, which were hypothecated to secure the loan. The million dollar loan was made, which was repaid in 1912 and the certificates returned. Each brother holds a certificate of the face value of $333,333. There is no evidence that certificates of beneficial interest in the trust were ever offered or sold to any other person. There was evidence tending to show that the trust might, and probably would, have been terminated, but, to accomplish such a result, legal proceedings would have disclosed the incompetency of one of the brothers, which fact deterred action by the others.

The trust indenture is involved. It is unnecessary to set forth its lengthy provisions.

The only testimony came from one Judson Stone, an agent of unlimited powers, who managed all the individual properties (twenty-five or thirty tracts) of the three brothers. His testimony amply supports the statement of the Board to the effect that

" * * * the three trustees had nothing more to do with the management of the building than had they been strangers to the matter. They never met as trustees. No minutes were kept by them or on their behalf. They had no separate books and records as trustees; no communications were ever sent or exchanged officially among themselves; they had no employees as trustees and to all practical ends completely ignored the trust relationship.

" * * * No salary was paid to Stone or any of his office force by the trust, as such."

Looking to the substance rather than the form of this trust, to its activities rather than to its potentialities, we have no hesitation in saying that for purposes of taxation it was a trust and its income tax should be assessed on that hypothesis. Tyson v. Commissioner (C. C. A.), 54 F.(2d) 29; Tyson v. Commissioner (C. C. A.) 68 F.(2d) 584, decided December 15, 1933; Commissioner v. Morriss Realty Company Trust No. 2 et al. (C. C. A.), 68 F.(2d) 648, decided January 2, 1934.

The order of the Board of Tax Appeals is affirmed.